IN THE UNITED STATES DISTRICT COURT

DISTRICT OF OREGON

| | | |
|---|---|---|
| HARTFORD FIRE INSURANCE COMPANY, a Connecticut corporation, | ) ) ) | |
| Plaintiff, | ) ) | Case No. 05-221-KI |
| vs. | ) ) | OPINION AND ORDER |
| OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL UNION, LOCAL NO. 11, HEALTH AND WELFARE TRUST, aka WESTERN STATES LOCAL UNION TRUST FUND, an employee welfare benefit plan as defined in ERISA § 3(1), 29 USC § 1002(1), and DEBBIE SLUYTER, MARK CLEMENS, MARCIA WILLIAMS, MICHAEL MCCOY, DAVID WILLIAMS, LEA ANNE DOLITTLE as Trustees for OFFICE AND PROFESSIONAL EMPLOYEES INTERNATIONAL UNION, LOCAL NO. 11, HEALTH AND WELFARE TRUST, aka WESTERN STATES LOCAL UNION TRUST FUND; | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) ) | |

John Spencer Stewart
Thomas A. Larkin
Robert B. Coleman
Stewart Sokol & Gray LLC
2300 S. W. First Avenue, Suite 200
Portland, Oregon 97201-5047

    Attorneys for Plaintiff

Michael E. Farnell
Emily S. Robertson
Parsons Farnell & Grein, LLP
805 S. W. Broadway, Suite 1560
Portland, Oregon 97205

    Attorneys for Defendants

KING, Judge:

Plaintiff Hartford Fire Insurance Co. ("Hartford") issued a bond to defendant Office and Professional Employees International Union, Local No. 11, Health and Welfare Trust ("Trust"). After the Trust suffered losses on its investments controlled by Capital Consultants, LLC ("CCL"), it made a claim against the bond. Hartford refused to pay the claim because it concluded that the losses were not covered by the bond. Hartford filed this declaratory judgment action seeking confirmation of its conclusion and the Trust filed an action in state court to collect on the bond. Before the court is Defendants' Motion to Dismiss (#16). For the reasons below, I grant the motion and dismiss the action without prejudice.

## FACTS

The bond's terms originally provided that the Trust could not bring legal action against Hartford until 90 days after the Trust filed proof of loss with Hartford. The action had to be brought within two years from the date the insured discovered the loss. Farnell Decl. Ex. 6 at 35.

After CCL's misdeeds came to light, the Trust and Hartford entered into a Tolling Agreement. The Tolling Period ran for two calendar years from the effective date of June 13, 2001 and then automatically terminated. Both the Trust and Hartford had the discretion to voluntarily terminate the Tolling Period with at least 30 days written notice. The Tolling Agreement also contained a Forbearance Clause:

> The Parties shall forbear and refrain from prosecuting, filing or instituting any suit, legal action, arbitration or appraisal proceeding during the Tolling Period of this Tolling Agreement. The Parties shall forbear and refrain from making any demand on any party to this Tolling Agreement to comply with any time imposed deadline arising by contract, common law, statute or equity during the Tolling Period of this Tolling Agreement.

Farnell Decl. Ex. 2 at 10.

The Tolling Agreement was amended a few times. The Second Amendment extended the Tolling Period to March 31, 2005. The Third Amendment changed the Forbearance Clause:

**AUTOMATIC TERMINATION OF FORBEARANCE CLAUSE:**

> The clause entitled "FORBEARANCE" shall automatically terminate and become unenforceable ten (10) days prior to the termination of the Tolling Agreement, whether effected by notice of voluntary termination or by automatic expiration of the Tolling Agreement by its terms.

Farnell Decl. Ex. 2 at 1 (emphasis in the original).

On November 19, 2004, the Trust submitted its Proof of Loss to Hartford. On January 28, 2005, the Trust sent written notice terminating the tolling agreement on February 27, 2005.

Hartford filed this action on February 17, 2005. On February 18, 2005, the Trust, along with co-plaintiffs, filed an action in Multnomah County Circuit Court against Hartford and other defendants, Employers-Shopmens Local 516 Pension Trust v. Travelers Casualty and Surety Co.

of America, Case No. 0502-01821 ("State Action"). Defendants in the State Action removed it to this court on March 29, 2005. On July 6, 2005, I remanded the State Action after concluding that it lacked federal subject matter jurisdiction.

## LEGAL STANDARDS

A motion to dismiss under Rule 12(b)(6) will only be granted if it "appears beyond doubt that the plaintiff can prove no set of facts in support of his complaint which would entitle him to relief." Gilligan v. Jamco Development Corp., 108 F.3d 246, 248 (9th Cir. 1997). Normally, the review is limited to the complaint, and all allegations of material fact are taken as true and viewed in the light most favorable to the non-moving party. Id. The court, however, may consider whether conclusory allegations follow from the description of facts alleged. Holden v. Hagopian, 978 F.2d 1115, 1121 (9th Cir. 1992). The court may review a document extrinsic to the complaint if the authenticity of the document is not contested and the document is integral to the claims. Fields v. Legacy Health System, 413 F.3d 943 n.13 (9th Cir. 2005).

## DISCUSSION

Because of my analysis concerning the Declaratory Judgment Act, I need not address the parties' arguments about the effect of the Forbearance Clause.

Defendants contend that I should exercise my discretion to dismiss this action based on prudential concerns surrounding the Declaratory Judgment Act, 28 U.S.C. § 2201. Defendants contend that the parallel State Action is the more appropriate means to resolve the state law issues that defendants believe predominate in this case. They are concerned about the possibility of inconsistent dispositions of the two cases. Defendants note that dismissal would discourage forum shopping and races to the courthouse.

Hartford contends that this action is suitable for decision under the Declaratory Judgment Act because Hartford had no indication that defendants finally intended to sue after four years.

Both parties accuse the other of forum shopping. The parties also disagree about the extent of any federal questions to be addressed and whether the state law to be addressed has any open or difficult questions.

An action seeking relief under the Declaratory Judgment Act must present an actual case or controversy and must fulfill statutory jurisdictional prerequisites. If it "passes constitutional and statutory muster," the district court must also determine that entertaining the action is appropriate because the Act gives the court permissive, rather than mandatory, authority. Government Employees Insurance Co. v. Dizol, 133 F.3d 1220, 1222-23 (9th Cir. 1998). In making this determination, the court examines the *Brillhart*[1] factors:

> The district court should avoid needless determination of state law issues; it should discourage litigants from filing declaratory actions as a means of forum shopping; and it should avoid duplicative litigation.
>
> The *Brillhart* factors are not exhaustive. We have suggested other considerations, such as whether the declaratory action will settle all aspects of the controversy; whether the declaratory action will serve a useful purpose in clarifying the legal relations at issue; whether the declaratory action is being sought merely for the purposes of procedural fencing or to obtain a res judicata advantage; or whether the use of a declaratory action will result in entanglement between the federal and state court systems. In addition, the district court might also consider the convenience of the parties, and the availability and relative convenience of other remedies.

Id. at 1225 & n.5 (internal quotation omitted). If a party raises the issue of the court's discretion, the court must record its reasoning for exercising jurisdiction. Id. at 1227.

Case law gives me the following guidance on forum shopping:

---

[1] Brillhart v. Excess Insurance Co. of America, 316 U.S. 491, 62 S. Ct. 1173 (1942).

PAGE 5 - OPINION AND ORDER

> If there are parallel state proceedings involving the same issues and parties pending at the time the federal declaratory action is filed, there is a presumption that the entire suit should be heard in state court. The pendency of a state court action does not, of itself, require a district court to refuse federal declaratory relief. Nonetheless, federal courts should generally decline to entertain reactive declaratory actions.

Id. at 1225 (internal citations omitted).

> Yet, there is no question that both parties seek declaratory relief, and the fact that Hartford won the race to the courthouse by several days does not place it in a preferred position. In *Wilton*, the Court suggested that the order of filing is legally insignificant when it ruled in favor of a state action filed several weeks after a federal action. Wilton, 515 U.S. at 279-80, 290, 115 S. Ct. 2137.

Huth v. Hartford Insurance Co. of the Midwest, 298 F.3d 800, 804 (9th Cir. 2002), cert. denied, 537 U.S. 1233 (2003).

It is of no significance that Hartford filed this action one day before defendants filed the State Action. Hartford preferred the federal forum and defendants preferred the state forum. Both tried to accomplish their goal of litigating in their preferred forum. I consider the forum shopping factor a wash under these facts.

The parties disagree about the amount of legal analysis which will turn on state or federal issues. Clearly, the bond language will have to be interpreted, a classic state law issue. On the other hand, the ERISA statute's bonding requirements will likely come into play. Hartford is convinced that this case will be decided according to the analysis in Rosenbaum v. Hartford, 104 F.3d 258 (9th Cir. 1996). Although Rosenbaum is a federal case, a state court judge can read and apply it to the facts here as well as I can.

The most telling factors are the possibility of duplicative litigation and whether this action will settle all aspects of the controversy between the parties. In addition to both parties

PAGE 6 - OPINION AND ORDER

seeking declaratory relief concerning their respective positions on the scope of the bond's coverage, defendants allege numerous contract and tort claims against Hartford in the State Action. Those same contract and tort claims are alleged by the co-plaintiffs in the State Action against other insurers and brokers. With the current state of the pleadings in this action, all issues between Hartford and defendants will not be resolved in federal court. Even if defendants alleged the contract and tort claims against Hartford here in the form of counterclaims, the same issues would be duplicated in the State Action concerning the co-plaintiffs and other defendants. The must efficient use of judicial resources is to have Hartford and defendants resolve their entire dispute in the State Action, along with the co-plaintiffs and other defendants. Accordingly, I decline to exercise my discretion to resolve this action under the Declaratory Judgment Act and dismiss it without prejudice.

## CONCLUSION

Defendants' Motion to Dismiss (#16) is granted. The action is dismissed without prejudice.

IT IS SO ORDERED.

Dated this   15th    day of August, 2005.

                                           /s/ Garr M. King
                                        Garr M. King
                                        United States District Judge